UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LARRY MOORE, #240744,**

    **Plaintiff,**

v.                                        **Case No. 2:06-CV-13729**
                                            **Honorable Marianne O. Battani**
                                            **Magistrate Judge Mona K. Majzoub**

**M. PALUS, et. al.,**

    **Defendants.**

_____

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

    This matter is before the court on Plaintiff's, Larry Moore's, *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983 on August 22, 2006. Plaintiff has also filed an "Application to Proceed Without Prepayment of Fees and Costs pursuant to 28 U.S.C. § 1915(a)(1). For the reasons stated below, the court will summarily dismiss Plaintiff's complaint with prejudice.

**I. Introduction**

    Plaintiff, Larry Moore, is a Michigan state prisoner who is currently confined at Carson City Correctional Facility in Carson City, Michigan. Plaintiff claims that his personal property was wrongfully confiscated by the Defendants. Among Plaintiff's missing personal belongings were legal papers, copies of grievances and other documentation he could allegedly use to substantiate any claims he had against the Defendants. Plaintiff contends that the Defendants engaged in a conspiracy to preclude the Plaintiff from initiating any legal action against them by seizing any relevant documentation in his possession. Upon review of the pleadings, the Court finds that

Plaintiff has filed more than three prior prisoner civil rights complaints, which bars the litigation of this matter under 28 U.S.C. § 1915(g)[1].

## II. Standard

Under the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), the court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *28 U.S.C. § 1915(g) (1996).*

## III. Discussion

Of the eleven previously filed civil rights complaints that Plaintiff has filed, more than three prisoner prior civil rights complaints have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See *Moore v. DeBruyn, et. al.*, No. 01-CV-60108 (E.D.Mich. May 25, 2001) (Battani, J.); *Moore v. Curtis, et. al.,* No. 00-CV-71558 (E.D.Mich. April 10, 2000) (Tarnow, J.); *Moore v. Chavez, et. al.,* No. 00-CV-71116 (E.D.Mich. March 27, 2000) (Tarnow, J); *Moore v. Sergent, et. al.,* (E.D.Mich. December 28, 1999) (Tarnow, J.); *Moore v. Michigan Department of Corrections, et. al.,* (E.D.Mich. November 10, 1999) (Tarnow, J.).  Therefore, the Court is authorized to dismiss this pending complaint pursuant to 28 U.S.C. § 1915(g).

However, despite having had more than three civil actions dismissed as frivolous or for failing to state a claim upon which relief can be granted, Plaintiff could still maintain a civil action

---

[1]"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *28 U.S.C. § 1915(g).*

if the Plaintiff is "under imminent danger of serious physical injury." *28 U.S.C. § 1915(g).* To establish that his complaint falls within the statutory exception to the "three strikes rule," Plaintiff had to allege that he was under imminent danger at the time that he filed his complaint and requested to proceed *in forma pauperis*. See *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the pending case, Plaintiff fails to allege that he is under imminent danger of future harm. Rather, Plaintiff complains that his personal property has been wrongfully confiscated and as a result he has been allegedly deprived of the opportunity to seek legal or equitable relief relative to his various claims against the Defendants. Therefore, Plaintiff's complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's "Civil Rights Complaint" **[Docket No. 1-1, filed, August 22, 2006]** is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees and Costs" **[Docket No. 1-2, filed, August 22, 2006]** is **DENIED** as moot.

IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

S/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 12, 2006

CERTIFICATE OF SERVICE

Copies of this order were served upon all parties of record on this date

Dated: September 12, 2006                S/Bernadette M. Thebolt