LARRY MOORE,

                  **Plaintiff,**         **CIVIL ACTION NO.  06-CV-13729-DT**

  **VS.**                       **DISTRICT JUDGE MARIANNE O. BATTANI**

**M. PALUS, et al.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

                  **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:     This action should be **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and § 1915A because Plaintiff has failed to state a claim upon which relief may

be granted.

**II.**    **REPORT**:

       **A.**    **Procedural History, Facts, and Claims**

       This matter comes before the Court on the Court's duty to screen complaints filed in civil

actions in which the plaintiff is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)) and in

which the plaintiff is a prisoner seeking redress from governmental employees (28 U.S.C. § 1915A).

Plaintiff is a Michigan state prisoner, and the Defendants are all employees of the Michigan

Department of Correction (MDOC).  All pretrial matters have been referred to the undersigned for

action. (Docket no. 22). Plaintiff has applied to proceed *in forma pauperis*.[1] (Docket no. 2). This Court will grant IFP status by separate order. This matter is therefore ready for ruling.

Plaintiff raises claims of denial of access to the courts and retaliation by confiscation of his personal property under 42 U.S.C. § 1983. (Docket no. 1). In his Complaint Plaintiff recounts his experiences in several Michigan prisons concerning his personal and "excess legal property" including the search, confiscation, and destruction of this property. (*Id.*). The Complaint covers a time period from January 2002 up until January 2005. (*Id.*). Plaintiff names 9 Defendants who are all MDOC employees. (*Id.*). Plaintiff seeks as relief damages and the replacement of certain pieces of his personal property. (*Id.*).

## B.      Governing Law

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal laws[2] and must show that the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The two constitutional rights that Plaintiff alleges Defendants have violated are his right of access to the courts and retaliation. (Docket no. 1). In order to state a claim for relief for a violation of his right of access to the courts, Plaintiff must allege actual injury stemming from the asserted violation. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

_____

[1] This request was previously denied as moot because shortly after it was filed the district court found that Plaintiff was a "three strikes" prisoner not entitled to proceed IFP and dismissed the action. (Docket no. 4). However, the Sixth Circuit recently reversed that Order of dismissal and remanded this action for further proceedings. (Docket no. 21).

[2] Plaintiff's allegations that actions of Defendants violated state law or prison regulations fail to state a violation of section 1983. *See West*, 487 U.S. at 48.

2

When plaintiffs fail to allege any litigation-related detriment, their claim is properly dismissed. *Pilgrim*, 92 F.3d at 416.

Retaliation based upon a prisoner's exercise of his constitutional rights, such as for filing prison grievances, violates the Constitution. In order to state such a claim for relief, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Alleging merely the ultimate fact of retaliation is insufficient; conclusory allegations of retaliatory motive fail to state a claim for relief. *McCreary v. Ackerman*, 2006 WL 3613282, slip copy at *5 (W.D. Mich. Dec. 8, 2006).

Under 28 U.S.C. § 1915(e)(2)(B) this Court must dismiss any part of an action that fails to state a claim upon which relief may be granted. In addition, under 28 U.S.C. § 1915A this Court must screen a civil complaint in which a prisoner seeks redress from a governmental employee and dismiss the complaint if it fails to state a claim upon which relief may be granted.

## C. Analysis

### 1. Denial of Access to the Courts

Plaintiff alleges in his Complaint that Defendants improperly confiscated his "excess legal property" over the years which was normally stored in duffel bags. (Docket no. 1). He alleges that he filed grievances regarding these confiscations. (*Id*. at 11). Documents related to this action were allegedly confiscated. (*Id*. at 12, 16). He was given several hearings regarding the disposition of this property. Plaintiff alleges that at some of the hearings his property was found to be in accordance with prison regulations, but after other hearings the property was destroyed. (*Id*. at 13,

15).  Plaintiff, however, fails to allege any specific actual injury that resulted from the Defendants'

treatment of his legal property.  He does not allege any litigation-related prejudice.  Accordingly,

Plaintiff has failed to state a claim for relief for a violation of his right of access to the courts.

*Pilgrim*, 92 F.3d at 416.

### 2.	Retaliation

Plaintiff also alleges that on or about January 23, 2002 non-defendant RUM Richard Cady

ordered Plaintiff to pack up his property including his excess legal property and, conspiring with

Defendants Holden, Burt, Palus, and Stapleton, confiscated and destroyed his personal and excess

legal property.  (Docket no. 1 at 9-10).  This was done according to Plaintiff in retaliation for his

filing of several grievances against RUM Cady, Counselor Holden, and their staff.  (*Id.*).  Plaintiff

fails to give any other facts supporting his allegation that these acts by these Defendants, and any

of the other acts alleged in his Complaint, were motivated by a desire to retaliate against Plaintiff

for his filing of grievances.  This is therefore a conclusory allegation of retaliation that fails to state

a claim for relief.  *McCreary*, 2006 WL 3613282, slip copy at *5.

### III.	NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &

Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 24, 2008     s/ Mona K. Majzoub
              MONA K. MAJZOUB
              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Larry Moore on this date.

Dated: September 24, 2008     s/ Lisa C. Bartlett
              Courtroom Deputy